**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

"CN", Minor Child
MONICA WEBB

"KC", Minor Child
KORETTEA COOPER

"VO", Minor Child
PORSCHE COSEY, VEDONTE OLDEN, SR.,

Case No. 26-cv-00059

Plaintiffs,

v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS,
TERRENCE GRAHAM, DARLENE LUCAS,
CAROLYN WATSON, JOANN JOHNSON,
DENNIS DANIELS, JOHN AND JANE DOE
THURSTON WOODS SCHOOL STAFF, a fictitious
name for unknown defendants,

Defendants.

---

**JOINT RULE 26(f) DISCOVERY PLAN**

---

**NOW COME** the Defendants, Milwaukee Board of School Directors, Darlene Lucas, Carolyn Watson, Joann Johnson, Dennis Daniels, and John and Jane Doe Thurston Woods School Staff (collectively referred to as the "Thurston Defendants") by their attorneys, City Attorney Evan Goyke and Assistant City Attorneys Sheila Thobani, Stacy Miller, and Joshua Cronin; and Defendant Terrence Graham by his attorneys, Axley LLP and Attorney Lori Lubinsky; and Plaintiffs "CN", Minor Child, Monica Webb, "KC", Minor Child, Korettea Cooper, "VO", Minor Child, Porsche Cosey and Vedonte Olden, Sr., by their attorneys Martin Law Office, S.C. and Attorney Drew J. De Vinney, and jointly submit the following report pursuant to Fed. R. Civ. P.

26(f) and the Court's January 21, 2026 Order, dkt. 14, in anticipation of the Fed. R. Civ. P. 16(b) conference which is scheduled to occur at 9:30 a.m. on February 27, 2026.

**(A) What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a) (1) were made or will be made?**

- Initial Disclosures: Initial disclosures pursuant to Rule 26(a) shall be made by the parties on/before April 30, 2026.

- Plaintiff's Expert Disclosures: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Plaintiff on/before July 31, 2026.

- Defendants' Expert Disclosures: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Defendants on/before October 31, 2026.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues?**

- Discovery may be conducted with regard to the events alleged in the Complaint and in Defendants' Answers according to the standard of permissible discovery set out in Rule 26 and applicable law.

- At this time, the parties are unaware of any changes that need to be made on discovery limitations. If it becomes apparent that changes are necessary, the parties anticipate that an agreement can be reached among them.

**(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

- The parties propose that electronically stored information be produced in .pdf files or, upon request and/or if most appropriate, in native format if feasible. For good cause, the Court may order that particular items of electronically stored information be produced in their native format as used in the usual course of business, or in some other form. In addition, in light of the nature of the claims and defenses in this matter, the parties agree that any video or audio recordings, including but not limited to camera footage, shall be produced in their original native digital format to preserve authenticity and usability.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

- The parties do not presently anticipate any issues relating to claims of privilege or protection as trial-preparation material. However, the parties acknowledge that discovery in this matter may involve the production of sensitive information, including but not limited to minor records, personnel records, training materials, and internal Milwaukee Public School documents. The parties therefore anticipate the need for a stipulated confidentiality/protective order under Fed. R. Civ. P. 26(c) to govern the production and use of such information, and will confer to submit a proposed order for the Court's approval.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

- The parties request no changes at this time.

**(F) Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

- Dispositive Motions: The parties request a dispositive motions deadline of February 28, 2027.

- Discovery Cutoff: The parties request a deadline to complete all discovery of January 31, 2027.

- The parties agree that discovery documents and pleadings may be served by electronic means, including email, as set forth in Rule 5(b)(2)(E), and that electronic service shall be complete upon transmission. If a document is served by email, it shall be emailed to all counsel who have formally appeared in the matter.

**JOINT REPORT FOR SCHEDULING CONFERENCE**

**1. Nature of the case, including a statement regarding the basis of subject matter jurisdiction.**

- The Plaintiffs allege that Terrence Graham, a paraprofessional formerly employed at Thurston Woods Elementary School in Milwaukee, placed the minor Plaintiffs in a boiler room at the school as a form of discipline. Further, the Plaintiffs allege that various other staff members at Thurston Woods were aware of this practice. Likewise, the Plaintiffs

allege that the Milwaukee Board of School Directors and the principal at Thurston Woods, Dennis Daniels, negligently hired, trained, and/or supervised Mr. Graham. On the basis of these predicate allegations, the Plaintiffs assert a number of causes of action including alleged violations of the Plaintiffs' rights under the United States Constitution, particularly the Fourth and Fourteenth Amendments. These federal claims form the basis of this Court's subject-matter jurisdiction. Defendants deny Plaintiffs' allegations and assert a number of affirmative defenses.

**2. Amending the pleadings, by joining parties or for other reasons, and the deadline for any such amendment.**

- The Plaintiffs anticipate amending the pleadings to add additional Plaintiffs and allegations specific to those additional Plaintiffs. The parties request a deadline to amend the pleadings of March 31, 2026.

**3. Any motions which are contemplated at this time.**

- The Thurston Defendants (which do not include Mr. Graham) contemplate filing a dispositive motion on numerous issues, including but not limited to, (1) whether Mr. Graham was acting outside the scope of his employment, (2) whether Mr. Graham was acting under the color of state law, (3) whether the Thurston Defendants are entitled to judgment as a matter of law on the Plaintiffs' federal law claims, and (4) whether the Plaintiffs complied with section 893.80 of the Wisconsin Statutes in regard to their state law claims. Defendant Graham may also file a dispositive motion on some or all of Plaintiffs' claims.

**4. Such other matters as may affect the scheduling of this case for final disposition.**

- The parties are currently scheduled to mediate this matter on March 5, 2026 with Magistrate Judge Jones.

Dated and signed at Milwaukee, Wisconsin 18th day of February, 2026.


**EVAN C. GOYKE**
City Attorney for the City of Milwaukee

*s/ Joshua B. Cronin*
JOSHUA B. CRONIN
Assistant City Attorney
State Bar No. 1064324
SHEILA THOBANI

Assistant City Attorney
State Bar No. 1101817
STACY J. MILLER
Assistant City Attorney
State Bar No. 1126905
Attorneys for Defendants, Milwaukee Board of School Directors, Darlene Lucas, Carolyn Watson, Joann Johnson, Dennis Daniels, and John and Jane Doe Thurston Woods School Staff
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-8822
Email: jbcronin@milwaukee.gov

**AXLEY LLP**

*s/ Lori M. Lubinsky*
Lori M. Lubinsky, SBN: 1027575
Attorneys for Defendant Terrence Graham
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Fax: (608) 257-5444
llubinsky@axley.com

**MARTIN LAW OFFICE, S.C.**

*s/ Drew J. De Vinney*
Drew J. De Vinney. SBN: 01088576
Attorney for Plaintiffs
7801 S. Howell Avenue, Ste.102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2315 (fax)
drew@martin-law-office.com